271 A.2d 810.

OPINION TO THE SENATE.

DECEMBER 28, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ADVISORY OPINION requested by Senate as to whether State constitution violated United States Constitution and the "one man one vote" doctrine, considered and the justices refrain from answering question.

December 28, 1970.

To the Honorable, the Senate of the
State of Rhode Island and
Providence Plantations.

On April 16, 1970, we received from the Honorable Senate a certified copy of Senate Resolution S 598, passed by the Senate at the January Session, A. D. 1970 on the fifteenth day of April 1970, requesting in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon the following question of law:

"Are the provisions of Article XIII of the Rhode Island Constitution which require the approval of three-fifths of the electors of the state present and voting thereon for the adoption of amendments to the constitution in violation of any provision of the constitution of the United States, especially in the light of Article XIV of the amendments thereto, and

those decisions of the Supreme Court of the United States which relate to the so-called 'one man one vote' doctrine?"

At the time this question was submitted to us there were on the ballot, to be voted upon by the people at the election to be held on November 4, 1970, two referenda involving the question put to us by the Senate.

Before we had an opportunity to consider the question, the Senate adjourned *sine die*. In such circumstance this question thereupon became moot and no longer required the consideration of the justices. *Opinion to House of Representatives*, 99 R. I. 151, 206 A.2d 221. Notwithstanding our basic rule as stated in the above-mentioned opinion, because of the importance of the issues raised by the question submitted to us, as well as its relation to the then pending referenda, we were prepared to answer the question. To that end we invited the Rhode Island Bar Association, The Honorable Joseph A. Bevilacqua, Speaker of the House of Representatives, and The Honorable J. Joseph Garrahy, Lieutenant Governor of the State of Rhode Island and Presiding Officer of the Senate, to furnish us with briefs, both pro and contra. Two groups of attorneys designated by Daniel J. Murray, President of the Rhode Island Bar Association, and attorneys designated by the Presiding Officers of both houses of the Legislature, researched the issues raised by this question and, as amici curiae, prepared and furnished us with well-prepared and exhaustive adversary briefs. We take this opportunity to express our appreciation to counsel for the very excellent briefs which they have prepared and filed for our benefit.

However, before we could possibly consider the question, the people of this state spoke by their votes on November 4, 1970. One of the questions on the ballot, to which we made reference above, was passed by a vote of more than

three fifths of the electors of the state present and voting thereon. The other failed to receive even a majority vote. Thus, in view of the results of the election, the circumstance which prompted us to depart from our basic rule no longer exists, and for that reason we respectfully refrain from answering the question.

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN
THOMAS F. KELLEHER

*Louis Baruch Rubinstein, Edwin H. Hastings, Jerome B. Spunt, John T. Walsh, Jr., Edward F. Hindle, Robert W. Lovegreen, Allan M. Shine,* for Rhode Island Bar Association.

*Anthony DeSimone,* for Legislature.